

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# USA v. Forth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4688

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Forth" (2007). *2007 Decisions.* Paper 1629.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1629

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos.  05-4688 / 05-4689

UNITED STATES OF AMERICA

v.

TERRELL FORTH,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action Nos. 05-cr-00001-1 and 04-cr-00511)
District Judge: Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2006

Before: RENDELL and AMBRO, Circuit Judges
BAYLSON,[*] District Judge

(Opinion filed: February 14, 2007)

OPINION

AMBRO, Circuit Judge

_____

[*]Honorable Michael M. Baylson, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

Terrell Forth requests on appeal that we vacate and remand his sentence of 78 months' imprisonment for one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and 160 months' imprisonment for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Forth asserts this course is proper because the District Court applied the incorrect standard of proof for facts that led to the imposition of a five-level enhancement to his Guidelines base offense level.[1]

Because we write only for the parties, an extended discussion of the facts is not necessary. Forth completed a four-year prison term for drug distribution, theft, and unlawful possession of a weapon, and was released in late 2003. Shortly after his release, he was arrested for possession of a sawed-off shot gun. While on bail awaiting trial, Forth and a co-conspirator robbed two banks at gunpoint.

He was charged with one count of unlawful possession of a firearm by a convicted felon and four counts of bank robbery. After unsuccessful negotiations for a plea agreement on every count, Forth entered into a plea agreement admitting guilt for the single count of unlawful possession of a firearm by a convicted felon and to two of the four counts of bank robbery without a plea agreement in place. (The Government dismissed the remaining two counts.) Both parties agreed to leave for sentencing the issue of whether Forth brandished a firearm during the robberies, which is relevant to a

---

[1]We have jurisdiction over this appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

proper calculation of the advisory Guidelines range.

At sentencing the District Court heard evidence on this issue. It found by a preponderance of the evidence that Forth had brandished a firearm during both bank robberies and imposed a five-level sentence enhancement. Forth argued that factual findings relevant to sentencing—in this case, whether he brandished a firearm—require proof beyond a reasonable doubt.

Our *en banc* Court recently rejected this argument. *United States v. Grier*, No. 05-1698, ___ F.3d ___, 2007 WL 315102 (3d Cir. Feb. 5, 2007). *Grier* clarified that even after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "the right to proof beyond a reasonable doubt does not apply to facts relevant to enhancements under an advisory Guidelines regime." *Id.* at *6. Because *Booker* severed and excised those portions of the law that made the Guidelines mandatory, finding Guidelines facts by a preponderance of the evidence will suffice for constitutional purposes. *Id.* at *8. In this case, therefore, the District Court's finding by a preponderance of the evidence that Forth brandished a firearm passes muster, and we affirm the sentence imposed by the District Court.

3